FILED
JUL 20 2010
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DWAYNE MONTGOMERY,<br><br>    Petitioner,<br><br>v.<br><br>LEE ANN CHROMES, Warden,<br><br>    Respondent. | Case No. CV 10-5124-GAF (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |

## I.  Factual and Procedural Background

Petitioner is a state prisoner currently incarcerated at the Kern Valley State Prison. He filed this petition for writ of habeas corpus on July 13, 2010. Because this is Petitioner's fourth habeas corpus petition challenging the same underlying state court conviction, the petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

On November 1, 2000, Petitioner was convicted of second degree robbery, following a jury trial in the Los Angeles County Superior Court. (Cal Penal Code § 211.) He was also found to have three prior serious felony convictions and his sentence was enhanced under California's three strikes sentencing law. (Cal. Penal Code §§ 667(a),

1 | 667(b)(i), 1170.12(a)-(d)). He was subsequently sentenced to a prison
2 | term of forty years to life. The California Court of Appeal affirmed
3 | the judgment in June 2001. Petitioner did not file an application for
4 | review in the California Supreme Court.

5 | On May 10, 2002, petitioner filed a petition for writ of habeas
6 | corpus in this court. *Montgomery v. Galaza*, Case No. CV 02-3806-GAF
7 | (MLG). That petition was dismissed without prejudice on July 17, 2002,
8 | because Petitioner had never presented any of his claims to the
9 | California Supreme Court and therefore, the petition was unexhausted.

10 | On January 4, 2004, Petitioner filed a second petition for writ of
11 | habeas corpus in the court, again challenging the 2000 conviction and
12 | sentence. *Montgomery v. LaMarque*, Case No. CV 04-0029-GAF (MLG). On
13 | June 4, 2004, that petition was dismissed with prejudice because it was
14 | untimely filed. A certificate of appealability was denied by this court
15 | on July 23, 2004. A certificate of appealability was likewise denied by
16 | the United States Court of Appeals for the Ninth Circuit on September
17 | 14, 2004.

18 | On September 5, 2007, Petitioner filed a third habeas corpus
19 | petition in this court. *Montgomery v. Evans*, Case No. CV 07-5763-GAF
20 | (MLG). On September 20, 2007, that petition was dismissed without
21 | prejudice because it was a second or successive petition and Petitioner
22 | had not obtained authorization from the Ninth Circuit prior to filing
23 | it.

24 | In the current petition, Petitioner again seeks to challenge the
25 | same convictions and judgment challenged in the three petitions
26 | identified above. Here, Petitioner raises five new grounds for relief.
27 | For the reasons set forth below, the petition is ordered dismissed.
28 | //

## II. Discussion

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that this Court lacks jurisdiction to review this petition without authorization from the court of appeals. Accordingly, summary dismissal of this petition is warranted.

This petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a second and/or successive petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). This Court must dismiss any second or successive petition unless the court of appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.

1 | *Burton*, 549 U.S. at 157.

2 |     A claim in a second or successive habeas petition which was not previously presented may be considered if the petitioner shows that the factual predicate for the claim could not have been discovered previously through the exercise of reasonable diligence. 28 U.S.C. § 2244(b)(2)(B)(i). However, a petitioner is still required to seek authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D.Cal. 2003) ("[T]o the extent that petitioner would like to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.") This is so even if the dismissal of the earlier petition was based upon the failure to comply with the one-year statute of limitations. *Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Reyes*, 276 F.Supp.2d at 1029 (same).

    This petition was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of a new habeas corpus petition, this Court lacks jurisdiction to consider the merits. *See Burton*, 549 U.S. at 157; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly, dismissal of the petition is required.

//
//
//

## III. Order

In accordance with the foregoing, IT IS HEREBY ORDERED that the petition is DISMISSED.

Dated: July 19, 2010

_____
Gary A. Feess
United States District Judge

Presented by:

_____
Marc L. Goldman
United States Magistrate Judge